Eugene D. CHERRY, Plaintiff–Appellant,

v.

DUKE REALTY INVESTMENTS, INC., et al., Defendants–Appellees.

No. 14–1531.

United States Court of Appeals, Seventh Circuit.

Submitted July 22, 2015.*

Decided Aug. 6, 2015.

* Oral argument is unnecessary, the briefs and

Eugene D. Cherry, Elwood, IN, pro se.

Thomas J. Costakis, Bryan S. Strawbridge, Attorneys, Krieg Devault, Neil E. Gath, David T. Vlink, Attorneys, Fillenwarth, Dennerline, Groth & Towe, LLP, Richard K. Shoultz, Attorney, Lewis Wagner, LLP, Laura L. Bowker, Kristin Garn, Attorneys, Office of the Attorney General Indianapolis, IN, for Defendants–Appellees.

Before RICHARD A. POSNER, Circuit Judge, FRANK H. EASTERBROOK, Circuit Judge, and DIANE S. SYKES, Circuit Judge.

### ORDER

RICHARD L. YOUNG, Chief Judge.

Eugene Cherry, a former construction worker, suffered serious injuries when he fell 32 feet at a job site in 1996, but he did not file this lawsuit (which concerns those injuries) until 2012. Invoking RICO and Indiana common law of fraud, he claims that a group of entities conspired to prevent him from discovering that his "true" employer was a company called "Steel Frame Erectors," and that they perpetrated this fraud in order to prevent him from filing a tort claim against Duke Realty Investments. But the district judge correctly concluded that the statute of limitations had expired by 2012.

Cherry had alleged in a 2005 suit for negligence against Duke Realty that at the time of the accident he had been employed by Steel Frame Erectors. The statute of limitations on his RICO claim was four years, see *Cancer Foundation, Inc. v. Cer-*

record are sufficient.

*berus Capital Management, LP,* 559 F.3d 671, 674 (7th Cir.2009), and on his state-law fraud claim six, *see* IND.CODE § 34–11–2–7(4) and each limitations period began to run when Cherry discovered the alleged fraud. See *Jay E. Hayden Foundation v. First Neighbor Bank, N.A.,* 610 F.3d 382, 386–87 (7th Cir.2010) (RICO); *Landers v. Wabash ·Center, Inc.,* 983 N.E.2d 1169, 1172 (Ind.App.2013) (fraud). The fraud alleged is the concealment of the identity of Cherry's true employer. But by 2005 he knew that identity and could not wait seven years to bring this suit without encountering the bar of the six-year statute of limitations.

AFFIRMED